**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANDREW GARNSEY,

                               Petitioner,

            - v -                                      Civ. No. 9:04-CV-00095
                                                              (DNH/RFT)
DAVID MILLER, *Superintendent*

                               Respondent.

**APPEARANCES:**                          **OF COUNSEL:**

ANDREW GARNSEY
Petitioner, *Pro Se*
00-A-0486
Eastern Correctional Facility
Box 338
Napanoch, NY 12458

HON. ANDREW CUOMO                         BRIDGET E. HOLOHAN, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Respondent
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

<u>**REPORT-RECOMMENDATION and ORDER**</u>

       *Pro se* Petitioner Andrew Garnsey was convicted on three counts of burglary in the second

degree, grand larceny in the third degree, petit larceny, and driving while intoxicated on November

19, 1999.  Dkt. No. 17 Resp't Answer.  Transcript, dated 3/2/01, at pp. 561-64 (hereinafter "Trial

Tr.").  On December 20, 1999, Petitioner was sentenced to ten years incarceration for each of the

three burglaries to run consecutively, and concurrent sentences of five years for grand larceny, one

and a half years for driving while intoxicated (DWI), and one year for petit larceny.  Sentencing Tr.

at pp. 8-10.  Petitioner seeks a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on the ground

that he was denied effective assistance of counsel in violation of the Sixth Amendment to the United

States Constitution.  Dkt. no. 8, Am. Pet.  For the reasons that follow, it is recommended that the

Petition be **DENIED**.

## I.  BACKGROUND

The following facts were adduced at trial.  In May 1999 Petitioner committed several

burglaries which included the theft of a cellular phone.  Trial Tr. at p. 106.  Petitioner made a

call from that cellular phone, which was traced to the home of Petitioner's then girlfriend, Terri

Shaw.  *Id*. at pp. 233-35.  Police went to Terri Shaw's home whereupon Ms. Shaw admitted that

Petitioner had stored stolen items in her home.  Ms. Shaw subsequently signed a consent form

allowing police to search her home; she then identified various stolen items for the officers

which were seized.  *Id*. at pp. 300-01.

After his conviction, Petitioner appealed to the Appellate Division, Third Department on

the grounds that, *inter alia*, he was denied effective assistance of counsel when his trial counsel

failed to request a pre-trial hearing to suppress the evidence found in Ms. Shaw's home, and that

Ms. Shaw was under duress when she consented to the search of her home, making said warrant-

less search involuntary and therefore in violation of the Fourth Amendment.  State Court Record

on Appeal (hereinafter "R") at p. 40.  The Appellate Division affirmed Petitioner's conviction on

all counts, *People v. Garnsey*, 288 A.D.2d 761 (N.Y. App. Div. 4th Dep't 2001), and the New

York State Court of Appeals subsequently denied Petitioner leave to appeal.  *People v. Garnsey*,

97 N.Y.2d 754 (N.Y. Ct. App. 2002).

On May 14, 2003, Petitioner filed a motion to set aside his conviction pursuant to §

440.10(h) of New York Criminal Procedure Law (NYCPL) on the grounds that he was denied

effective assistance of counsel when his trial counsel failed to (1) challenge the search and

seizure of stolen goods from Ms. Shaw's home on the basis of an unlawful third party consent;

and (2) attempt to suppress inculpatory evidence based on Ms. Shaw's allegedly coerced consent

to the search. R. at p. 179. Unlike the latter ground, the former was not raised in Petitioner's

direct appeal and was therefore a completely new basis for relief. R. at p. 40. The § 440 motion

was denied by the trial court, Pet. Ex. H, as was his appeal to the Appellate Division, Third

Department, Pet., Ex. J. This Petition for a Writ of *Habeas Corpus* was filed on April 29, 2004.

Dkt. No. 8, Pet.[1]

## II. DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132,

110 Stat. 1214 (1996) ("AEDPA"), a federal court may not grant habeas relief to a state prisoner

on a claim unless the state court adjudicated the merits of the claim and such adjudication either

> 1) resulted in a decision that was contrary to, or involved an unreasonable
> application, of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts
> in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Miranda v.
Bennett*, 322 F.3d 171, 177-78 (2d Cir. 2003); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001).

The petitioner bears the burden of proving by a preponderance of the evidence that he is "in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

---

[1] Petitioner initially filed his Petition, dated September 22, 2003, in the Southern District of New York. Dkt.
No. 1. The Petition was then transferred to this Court since the county of conviction, Washington County, is located in
this District. Dkt. No. 3. Petitioner thereafter, in compliance with the Court's dictates, amended his Petition twice. *See*
Dkt. Nos. 5-8.

2254(a); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL

22234679, at *3 (S.D.N.Y. Aug. 28, 2003).  The AEDPA also requires that "a determination of a

factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have

the burden of rebutting the presumption of correctness by clear and convincing evidence."  28

U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d at 66; *Boyette v. LeFevre*, 246

F.3d at 88 (quoting § 2254(e)(1)) (internal quotations omitted).

    The Second Circuit has provided additional guidance concerning application of this test,

noting that:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may
> grant habeas relief:  1) Was the principle of Supreme Court case law relied upon in
> the habeas petition "clearly established" when the state court ruled?  2) If so, was the
> state court's decision "contrary to" that established Supreme Court precedent?  3) If
> not, did the state court's decision constitute an "unreasonable application" of that
> principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams and Francis S. v. Stone*, 221

F.3d 100, 108-09 (2d Cir. 2000)).

## B.  Independent and Adequate State Law Doctrine

    Federal *habeas* review of a state-court conviction is prohibited if a state court rested its

judgment on an "adequate and independent state ground."  *Harris v. Reed*, 489 U.S. 255, 261-62

(1989); *Garcia v. Lewis*, 188 F.3d 71, 76 (2d Cir. 1999); *Levine v. Comm'r of Corr. Servs.*, 44

F.3d 121, 126 (2d Cir. 1995).  "[T]his rule applies whether the state law ground is substantive or

procedural."  *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (citation omitted).  Thus, if the

state court "explicitly invokes a state procedural bar rule as a separate basis for decision[,]" the

federal court is precluded from considering the merits of federal claims in a *habeas* petition.

*Harris v. Reed*, 489 U.S. at 264 n.10 (1989).

    In the case at bar, the trial court denied Petitioner's § 440 motion to vacate on the

grounds that Petitioner "failed to raise any new or undiscovered facts which would warrant a *de novo* review of the judgment" and that the issues raised in the § 440 motion were the exact issues raised and determined on the merits by the Appellate Division.  Pet., Ex. H.  Under NYCPL, an issue raised on direct appeal and decided on the merits cannot be the basis of a § 440 motion.  N.Y. Crim. Proc. Law § 440.10(2)(a).

However, it is clear from the record that Petitioner did not advance all of the same issues in his § 440 motion that he did in his direct appeal.  *See supra* Part I at p. 2.  Specifically, Petitioner propounded in his § 440 motion an ineffective assistance of counsel claim predicated upon trial counsel's failure to challenge Ms. Shaw's third party authority to consent to the search and seizure of property from her home.  Pet., Ex. H.  This claim was not proffered in his direct appeal as this Court considers it to be separate from his alternative theory based on Ms. Shaw's *involuntary* consent under duress, which was raised on direct appeal.  *Id*.  Notwithstanding Petitioner's proffer of both theories in his § 440 motion, the trial court's opinion does not deal directly with Petitioner's unlawful third party consent claim.

Thus, it is unclear whether Petitioner's claim was denied on a procedural ground, which would invoke the Independent and Adequate State Law Doctrine and preclude our review of the constitutional question presented, or on the merits, allowing this Court to consider the same.[2] Because Petitioner's claim fails on either count, we elect not to speculate on the trial court's

---

[2] The trial court could have easily denied Petitioner's "new" claim under § 440.10(2)(c) because it was not, but could have been, proffered on direct appeal.  Application of § 440.10(2)(c) would have constituted an independent and adequate state ground, thus precluding this Court's consideration of the merits.  *See Burke v. Superintendent*, 9:99-CV-1790, slip op. at p. 9 (N.D.N.Y. Feb. 24, 2004) (Sharpe, D.J.) (citing *Wilder v. Herbert*, 2003 WL 22219929, at *8-9 & n.18 (S.D.N.Y. Sept. 26, 2003); *Veras v. Strack*, 2000 WL 8249, at *1 (S.D.N.Y. Jan. 4, 2000) (other citations omitted)); *see also Foreman v. Garvin*, 2000 WL 631397, at *9-10 (S.D.N.Y. May 16, 2000) (petitioner's unjustifiable failure to raise issue on direct appeal constitutes a procedural default of that claim).

intent and instead consider the merits below.

### C. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a *habeas* petitioner must show 1) counsel's representation fell below an objective standard of reasonableness measured by the prevailing professional norms; and 2) prejudice, i.e., there is a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 & 694 (1984) (cited in *Bell v. Cone*, 535 U.S. 685, 695 (2002)); *see also Aeid v. Bennett*, 296 F.3d 58, 62-63 (2d Cir. 2002); *Brown v. Artuz*, 124 F.3d 73, 79-80 (2d Cir. 1997); *Rattray v. Brown*, 261 F. Supp. 2d 149, 157 (E.D.N.Y. 2003).[3]  In determining the reasonableness of counsel's conduct courts must  "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland v. Washington*, 466 U.S. at 689.

Petitioner claims he was denied effective assistance of counsel when his trial attorney failed to challenge Ms. Shaw's authority to consent to the search of Petitioner's personal belongings including a duffle bag containing items stolen by Petitioner.  Dkt. No. 8, Am. Pet.

The Fourth Amendment protects citizens against unreasonable searches and seizures of their "persons, houses, papers, and effects[.]"  Unless an exception applies,[4] searches and seizures must be authorized by the issuance of a warrant based on probable cause in order to be

---

[3] In *Williams v. Taylor*, the Supreme Court declared that "the rule set forth in *Strickland* qualifies as 'clearly established Federal law[.]'"  529 U.S. 362, 391 (2000); *see also Sellan v. Kuhlman*, 261 F.3d 303, 309 (2d Cir. 2001).

[4] There are many such exceptions that have been carved out of the Fourth Amendment over time, including *Terry* stop-and-frisks (*Terry v. Ohio*, 392 U.S. 1 (1968)), search incident to lawful arrest (*Weeks v. United States*, 232 U.S. 383(1914)), automobile searches (*Carroll v. United States*, 267 U.S. 132 (1925)), the *plain view* doctrine (*Arizona v. Hicks*, 480 U.S. 321 (1987)), the *open fields* exception (*Oliver v. United States*, 466 U.S. 170 (1984)), among others.

"reasonable."  One such exception is voluntary consent to search granted by a person with the

common authority to do so.  *United States v. Elliot*, 50 F.3d 180, 185 (2d Cir. 1995) (citing

*United States v. Matlock*, 415 U.S. 164, 171 (1974).  Common authority does not flow from

property interests but from "mutual use of the property by persons generally having joint access

or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants . .

. have assumed the risk that one of their number might permit the common area to be searched."

*Id.* at 172 n. 7 (1974).  The Second Circuit has held that third party consent will validate a

warrantless search when the third party has access to the area searched and either common

authority over the area or permission to access the area.  *Ehrlich v. Town of Glastonbury*, 348

F.3d 48, 53 (2d Cir. 2003).

In this case, Ms. Shaw clearly had access to and authority over the area searched, which

was her home.  Trial Tr. at p. 198.  Indeed, Ms. Shaw was the primary occupant of the premises,

Petitioner having moved in only twelve days earlier.  *Id.* at pp. 196 & 201.  Ms. Shaw initially

did not allow police into her home, but later changed her mind, permitting their entry and signing

a consent to search form.  *Id*. at pp. 229-30 & 235-36.[5]

Notwithstanding Ms. Shaw's authority to consent to search her apartment, Petitioner

contends that the scope of Ms. Shaw's authority to consent was limited to the common areas of

the apartment and did not include his duffle bag located in the bedroom closet and other personal

belongings .  Dkt. No. 8, Am. Pet.  It is also reasonable to assume that the bedroom and bedroom

closet  were common areas shared by Petitioner and Ms. Shaw.  Under these facts, once consent

---

[5] Petitioner has not raised in his *Habeas* Petition a claim of ineffective assistance of counsel based on his trial attorney's failure to suppress evidence obtained through the coerced consent of Ms. Shaw.  As such, we assume that Ms. Shaw's consent to search was voluntary and knowing.

to search theses areas was granted, the need to for consent to search the duffle bag became immaterial.  This is especially true as the record shows Petitioner told Ms. Shaw he stole many of the items that he brought over to her home upon his relocation there, and that Ms. Shaw assisted police in identifying these items during the course of their search.  Trial Tr. at pp. 197-209 & 300-01.

Even assuming Ms. Shaw did not have authority to consent to the search of Petitioner's personal belongings, her consent would still be valid if police reasonably believed that she had authority to consent.  *Illinois v. Rodriguez*, 497 U.S. 177, 188 (1990); *United States v. Elliott,* 50 F.3d at 186 ("Similarly, if the search exceeded the scope of the consent given, an officer's objectively reasonable belief that the search was within the scope of that consent is sufficient to validate the search.").  Given Ms. Shaw's knowledge of the stolen items, her admission to police that Petitioner was storing those items in her home, and her cooperation in assisting police to identify them, "it was reasonable for the officers to believe [s]he had the requisite relationship" to authorize the search.  *United States v. Elliott*, 50 F.3d at 186.

Applying the *Strickland* test to these facts, we find that trial counsel's failure to challenge Ms. Shaw's authority to consent as a third party was not objectively unreasonable.  Moreover, Petitioner cannot prove he was prejudiced by trial counsel's actions.  As stated above, Petitioner would likely have lost on this Fourth Amendment claim had it been proffered at trial.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition for a Writ of *Habeas Corpus* be **DENIED**; and it is further

-8-

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. r. Civ. P. 72, 6(a), & 6(e).

Date:   June 29, 2007
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge